I concur with the majority's conclusion that plaintiff retired before his diagnosis and thereby does not qualify for § 97-61.5(b) benefits. Austin v. Continental General Tire, 141 N.C. App. 397,540 S.E.2d 824 (J. Greene, dissenting), dissenting opinion adopted,354 N.C. 344, 553 S.E.2d 680); see Abernathy v. Sandoz Chemicals,151 N.C. App. 252, 565 S.E.2d 218 (2002) (retired employees not entitled to § 97-61.5(b) benefits); Moore v. Standard Mineral Co.,122 N.C. App. 375, 469 S.E.2d 594 (1996) (§ 97-61.5(b) applies to victims of occupational disease who are thereafter removed from the industry at the directive of the Commission).
I also agree with the majority's findings, and the parties' stipulation, that plaintiff has asbestosis, although the evidence is not conclusive on this issue. I concur with the findings of the physician, Gregory S. Pape, M.D., who performed the examination in lieu of the panel exam, that plaintiff most likely has mild asbestosis.
I dissent from the majority's remand to determine whether plaintiff is entitled to any other indemnity benefits. Because plaintiff has not established his entitlement to the 104 weeks of benefits under §97-61.5(b), the issue of whether plaintiff is entitled to other indemnity benefits is to be determined now pursuant to §§ 97-29, -30, or -31. N.C. GEN. STAT. § 97-64; Clark v. ITT Grinnell Ind. Piping,141 N.C. App. 417, 539 S.E.2d 369, review allowed and remanded on othergrounds consistent with Austin, 354 N.C. 572, 558 S.E.2d 867 (2001). On the issue of disability, the majority correctly notes in Conclusion of Law No. 4 that "there is no showing that plaintiff has been unable to earn wages by reason of his occupational disease." Thus, plaintiff has not established entitlement to benefits pursuant to §§ 97-29 or 97-30. In addition, plaintiff has not established impairment to his lungs from asbestos exposure to justify an award pursuant to § 97-31(24). Plaintiff has been examined by Dr. Bernstein and Dr. Curseen at the request of his attorneys, and has been examined by Dr. Pape in accordance with the Act. Each of these physicians has performed pulmonary function testing on plaintiff and reported obstructive defects consistent with plaintiff's life-long history of asthma. The pulmonary function testing does not reveal any restrictive component or other impairment to plaintiff's lung that would be associated with asbestos-related disease. Thus, there is no competent evidence to support an award for permanent impairment to the lungs pursuant to § 97-31(24).
The majority's remand for further panel examinations and evaluation of impairment after the third-panel examination are not relevant to this case. As expressed above, and found by the majority, plaintiff is not entitled to § 97-61.5(b) benefits; therefore, the award of permanent benefits is not determined under § 97-61.6 proceeding after third-panel examination. Rather, this is a § 97-64 action, which allows plaintiff to establish his entitlement to §§ 97-29, -30, or -31 benefits. See Clark v. ITT Grinnell Ind. Piping, 141 N.C. App. 417,539 S.E.2d 369, review allowed and remanded on other grounds consistentwith Austin, 354 N.C. 572, 558 S.E.2d 867 (2001). Consistent with §97-61.5(b), § 97-61.6 delays final determination of benefits in cases where the 104 weeks of benefits are awarded until that 104-week period has expired. In cases like this, however, where the 104 weeks of benefits are not payable, there is no reason to delay the determination of benefits until after the third panel examination. That determination is made now consistent with §§ 97-29, -30, -31, and -64.
Because plaintiff has failed to establish a loss of earning capacity, and he has failed to establish impairment to his lungs from the asbestosis, I would deny indemnity benefits.
 S/_______________ DIANNE C. SELLERS COMMISSIONER